Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

April 21, 2016
WILLIAM M. McCOOL, Clerk
By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTA CASTILLO,<br><br>Defendant. | NO. CR16-112-JCC<br><br>INDICTMENT |

The Grand Jury charges:

### COUNTS 1-6
### (Bank Fraud)

**A.    The Scheme and Artifice to Defraud**

1. Beginning at a time unknown but within the past ten years and continuing through September 2014, in Seattle, within the Western District of Washington and elsewhere, defendant ROBERTA CASTILLO, and others known and unknown, did knowingly and willfully devise and execute, aid and abet the execution of, and attempt to execute a scheme and artifice to defraud JPMorgan Chase Bank and US Bank, financial institutions as defined under Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets and other property under the custody and control of

United States v. Roberta Castillo - 1
Indictment

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

JPMorgan Chase Bank and US Bank by means of false and fraudulent pretenses, representations and promises, as described below.

2. The essence of the scheme and artifice to defraud was for ROBERTA CASTILLO and others to obtain funds from JPMorgan Chase and US Bank, by accessing customer bank accounts and using customer personal identifying information to withdraw money in the financial institution's custody without authorizations, including by purchasing goods and services using credit cards issued in customer's names by the financial institutions following submittal of fraudulent applications in which ROBERTA CASTILLO and others used customer's personal identifying information without authorization.

**B.     Manner and Means of the Scheme and Artifice to Defraud**

3. It was part of the scheme and artifice to defraud and to obtain moneys, funds and credits by false representations that ROBERTA CASTILLO, in her role as bank manager and assistant manager, befriended elderly customers of JPMorgan Chase branch banks and offered assistance with their banking needs, when in truth and in fact, she was targeting vulnerable customers to obtain their personal identifying information and accessing their bank accounts.

4. It was further part of the scheme and artifice to defraud and to obtain moneys, funds and credits by false representations that ROBERTA CASTILLO withdrew sums of money from JPMorgan Chase customers' accounts without the customers' knowledge or permission, often initially withdrawing small amounts and later increasing the amounts when the initial withdrawals were unnoticed by the customers.

5. It was further part of the scheme and artifice to defraud and to obtain moneys, funds and credits by false representations that ROBERTA CASTILLO opened and controlled bank accounts using variations of customers' true names in order to receive the misappropriated funds.

United States v. Roberta Castillo - 2
Indictment

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. It was further part of the scheme and artifice to defraud and to obtain moneys, funds and credits by false representations that ROBERTA CASTILLO moved funds between accounts to cover her transactions and to avoid detection.

7. It was further part of the scheme and artifice to defraud and to obtain moneys, funds and credits by false representations that ROBERTA CASTILLO falsely reassured account holders who questioned their account records that challenged transactions were the result of bank errors that would be corrected.

8. It was further part of the scheme and artifice to defraud and to obtain moneys, funds and credits by false representations that ROBERTA CASTILLO, in her supervisory role as a branch manager and assistant manager, directed bank employees to process bank transactions in furtherance of the scheme and artifice to defraud, which ROBERTA CASTILLO knew were conducted in violation of the bank's policies.

9. It was further part of the scheme and artifice to defraud and to obtain moneys, funds and credits by false representations that ROBERTA CASTILLO, together with a co-schemer, used her friendship and former supervisory status with a former JPM Chase bank employee to conduct banking transactions at US Bank in an effort to conceal the scheme.

10. It was further part of the scheme and artifice to defraud and to obtain moneys, funds and credits by false representations that ROBERTA CASTILLO secured a credit card using the personal identifying information of a bank customer and used the card to make unauthorized purchases of personal goods and services for her use and the use of others.

11. It was further part of the scheme and artifice to defraud and to obtain moneys, funds and credits by false representations that ROBERTA CASTILLO and other co-schemers converted the fraudulently misappropriated funds for their own use and the use of others not entitled to the funds by means of cashier's checks, fund transfers, and cash withdrawals, all without the customers' knowledge or permission.
United States v. Roberta Castillo - 3
Indictment

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. As a result of the scheme and artifice to defraud that ROBERTA CASTILLO and co-schemers fraudulently obtained in excess of five hundred thousand dollars ($500,000.00) for their own benefits and purposes.

**C.   Execution of the Scheme and Artifice to Defraud**

13. On or about the below-listed dates, within the Western District of Washington, for the purpose of executing, attempting to execute, and aiding and abetting the execution of the above-described scheme and artifice to defraud, and to obtain money, funds, credits, assets and property under the custody and control of the banks by means of false and fraudulent pretenses, representations, and promises, defendant ROBERTA CASTILLO conducted and directed others to conduct the below-listed transactions, with each such transaction constituting a separate Count in this Indictment:

| Count | Date | Transaction |
| --- | --- | --- |
| 1 | April 5, 2012 | Cash withdrawal of $5,000 from JPMorgan Chase account ending in 8264, in the name of Estate of C.N. |
| 2 | April 13, 2012 | Cash withdrawal of $8,000 from JPMorgan Chase account ending in 1448, in the name of H.L.G. |
| 3 | June 6, 2012 | Negotiation of check no. 1046 in the amount of $5,000 drawn on the JPMorgan Chase account ending in 8626, in the name of A.S.E. |
| 4 | September 30, 2013 | Withdrawal of $326,845.48 by means of a cashier's check drawn on JPMorgan Chase account ending 9451, in the name of C.N. |
| 5 | October 1, 2013 | Negotiation of JP Morgan Chase cashier's check number 8088, in the amount of $192,689.11, at JP Morgan Chase. |
| 6 | August 7, 2014 | Negotiation of JPMorgan Chase cashier's check number 8089, in the amount of $134,165.37, at U.S. Bank. |

All in violation of Title 18, United States Code, Section 1344 and Section 2.

United States v. Roberta Castillo - 4
Indictment

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNT 7
### Theft or Embezzlement by a Bank Officer or Employee

14. The allegations contained in paragraphs 1 through 13 of the Indictment are hereby realleged and incorporated as is fully set forth here.

15. Beginning at a time unknown but at least since January 28, 2012 and continuing on through December 12, 2013, in Seattle, within the Western District of Washington and elsewhere, ROBERTA CASTILLO, an employee of JPMorgan Chase Bank, a financial institution the deposits of which were ensured by the Federal Deposit Insurance Corporation, with intent to injure and defraud JPMorgan Chase Bank, did knowingly and willfully embezzle, abstract, purloin and misapply, and did aid and abet the knowing and willful embezzlement, abstracting, purloining and misapplication of, approximately Five Hundred Thousand Dollars ($500,000.00) of the moneys and funds entrusted to the custody and care of JPMorgan Chase Bank.

All in violation of Title 18, United States Codes, Section 656 and Section 2.

## COUNT 8
### Aggravated Identity Theft

16. Beginning in April, 2012 and continuing through the end of February, 2014, at Seattle, within the Western District of Washington and elsewhere, ROBERTA CASTILLO knowingly possessed and used, without lawful authority, a means of identification of another person during and in relation to a felony listed in Title 18, United States Code, Section 1028A(c). Specifically, ROBERTA CASTILLO possessed and used the name of H. L.G., a real person, by using his credit card during and in relation to the offense of Bank Fraud and Theft by a Bank Employee, as charged in Counts 1 through 7.

### ALLEGATION OF FORFEITURE

17. The allegations contained in the above paragraphs of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging

United States v. Roberta Castillo - 5
Indictment

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

forfeitures to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(c), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

18. Upon conviction of the offense charged in Counts 1-8, in violation of Title 18, United States Code, Section 1344, ROBERTA CASTILLO shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, a sum of money representing the proceeds obtained as a result of the offenses charged in Counts 1-6 of this Indictment.

19. Substitute Assets. If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be subdivided without difficulty;

//

//

//

//

United States v. Roberta Castillo - 6
Indictment

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 the United States of America shall be entitled to forfeiture of substitute property pursuant
2 to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States
3 Code, Section 2461(c).
4     All pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and
5 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Title 21, United States
6 Code, Section 853.

A TRUE BILL: 4-21-2016
DATED:

*Signature of the foreperson is redacted pursuant to the policy of the Judicial Conference of the United States*

_____
FOREPERSON

_____
ANNETTE L. HAYES
United States Attorney

_____
MATTHEW DIGGS
Assistant United States Attorney

_____
SUSAN M. ROE
Assistant United States Attorney

United States v. Roberta Castillo - 7
Indictment

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970